IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA GILLESPIE, | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a FANNIE MAE, and FIRST HORIZON HOME LOAN CORPORATION, | § § § § | A-15-CV-0137-LY-ML |
|     Defendants. | § § § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § | |
|     Counter-Plaintiff, | § | |
| V. | § § | |
| PATRICIA GILLESPIE, | § | |
|     Counter-Defendant. | § | |

**ORDER**

    Before the Court are Counter-Plaintiff Federal National Mortgage Association ("Fannie Mae")'s Counter-Claim [Dkt. #16] and Motion for Entry of Default [Dkt. #25].[1]  Default may be entered when a party against whom judgment is sought has failed to plead or otherwise defend. FED. R. CIV. P. 55(a).  However, a counter-defendant's duty to appear or defend is not triggered until service of counter-claim. FED. R. CIV. P. 12(a)(1)(B). The docket of this case does not reflect any return of service showing the counter-claim was effectively served upon the *pro se* Counter-Defendant, Patricia Gillespie.  (Counter-Plaintiff mistakenly points to Docket No. 19

---

[1] All pending nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  Likewise, all dispositive motions have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

as evidence of service of the counter-claim, but this document is a certified mail receipt relating to the Magistrate Court's Report and Recommendation on the Plaintiff's original claim for relief. The counter-claim itself, Docket No. 16, contains a certificate of service indicating it was sent to Patricia Gillespie by regular mail and certified mail, but no certified mail receipt appears in the record.)  Absent some proof that Patricia Gillespie was effectively served, Counter-Plaintiff is not entitled to an entry of default.  FED. R. CIV. P. 55(a).   Accordingly, the motion for entry of default is DENIED.

The undersigned also notes Counter-Plaintiff should be aware that the federal rules suggest dismissal of an action may be appropriate when service is not timely made.  FED. R. CIV. P. 4(m).  Because the counter-claim has been pending for more than 120 days, with no evidence that the *pro se* Counter-Defendant received effective service of process, it is ORDERED that Counter-Plaintiff shall provide competent proof of service of the counter-claim upon Patricia Gillespie within **fourteen (14) days** of the entry of this Order.

SIGNED November 30, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE